**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RODRIGO CHACON-ORNELAS, | No. 21-70154 |
| Petitioner, | Agency No. A089-862-138 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of an
Immigration Judge

Submitted March 16, 2022**

Before:   SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Rodrigo Chacon-Ornelas, a native and citizen of Mexico, petitions for

review of an immigration judge's ("IJ") determination under 8 C.F.R. § 1208.31

that he did not have a reasonable fear of persecution or torture in Mexico and thus

is not entitled to relief from his reinstated removal order.  We have jurisdiction

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review for substantial evidence an IJ's negative reasonable fear determination.  *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016).  We review de novo claims of due process violations in immigration proceedings.  *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We deny the petition for review.

Substantial evidence supports the IJ's determination that Chacon-Ornelas failed to establish a reasonable possibility of persecution in Mexico on account of a protected ground.  *See Ayala v. Holder,* 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Substantial evidence supports the IJ's determination that Chacon-Ornelas failed to demonstrate a reasonable possibility of torture by or with the consent or acquiescence of the government if returned to Mexico.  *See Andrade-Garcia*, 828 F.3d at 836-37 (no government acquiescence demonstrated).

Chacon-Ornelas's contention that the IJ's order lacked adequate reasoning fails.  *See Bartolome v. Sessions*, 904 F.3d 803, 813-814 (9th Cir. 2018) ("In expedited proceedings (such as these), IJs do not have the ability nor are they

required to provide detailed decisions outlining all the claims raised by the alien.");

*see also Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (error is required to prevail on a due process claim).

The temporary stay of removal remains in place until issuance of the mandate. The motion for stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**